IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Wildlife Federation, South Carolina Coastal Conservation League, and Audubon South Carolina,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Tony L. Chapman, Executive Director, South Carolina Department of Transportation; Federal Highway Administration; and Robert L. Lee, Division Administrator, Federal Highway Administration,<br><br>　　　　Defendants. | Case No. 2:06-CV-02528-DCN<br><br>**ANSWER OF TONY L. CHAPMAN, EXECUTIVE DIRECTOR OF SCDOT** |

Comes now Defendant Tony L. Chapman, Acting Executive Director of the South Carolina Department of Transportation (SCDOT), to answer the complaint in the above-captioned matter. Specifically reserving his right to appeal the Order and Opinion dated April 16, 2007, denying his motion to dismiss and preserving all of his rights and arguments on all issues raised in such motion, Defendant Chapman, by and through undersigned counsel, respectfully answers as follows.

## FOR A FIRST DEFENSE

Any allegation not specifically admitted herein is denied. Defendant Chapman's responses herein correspond to the numbered paragraphs contained in the complaint.

　　1.　　Defendant Chapman admits so much of Paragraph 1 as asserts that this action alleges violations of the National Environmental Policy Act, 42 U.S.C.A. §§ 4321 et seq. Defendant Chapman denies all remaining allegations in Paragraph 1.

2. Defendant Chapman admits so much of Paragraph 2 as asserts that a final environmental impact statement was prepared by the SCDOT and the Federal Highway Administration (FHWA) and a record of decision was issued. Defendant Chapman denies all remaining allegations in Paragraph 2.

3. The first sentence of Paragraph 3 contains a conclusion of law to which no response is required. Defendant Chapman denies all remaining allegations in Paragraph 3.

4. Paragraph 4 contains conclusions of law to which no response is required. Defendant Chapman denies all remaining allegations in Paragraph 4.

5. Paragraph 5 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

6. Paragraph 6 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

7. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 7.

8. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 8.

9. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 9.

10. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 10.

11. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 11.

12. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 12.

13. Defendant Chapman is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies all allegations in Paragraph 13.

14. Defendant Chapman denies all allegations in Paragraph 14.

15. Defendant Chapman denies all allegations in Paragraph 15.

16. Defendant Chapman admits so much of Paragraph 16 as asserts that SCDOT is an agency of the State of South Carolina and has offices in and does business throughout the State and that an official of SCDOT signed the final environmental impact statement. Paragraph 16 contains conclusions of law for which no response is required, and Defendant Chapman denies all remaining allegations.

17. Paragraph 17 contains conclusions of law for which no response is required, and Defendant Chapman denies all remaining allegations. Defendant Chapman asserts that as of the date of this pleading he is the Acting Executive Director.

18. Defendant Chapman admits so much of Paragraph 18 as asserts that FHWA is an agency of the United States and does business within the State of South Carolina. The remaining allegations in Paragraph 18 constitute characterizations and conclusions of law and facts and arguments as to the law to which no response is necessary, but to the extent an answer is required, Defendant Chapman denies the allegations.

19. Defendant Chapman admits so much of Paragraph 19 as asserts that Robert L. Lee is the Divisions Administrator for FHWA in South Carolina and is sued in his official capacity. The remaining allegations in Paragraph 19 constitute characterizations and conclusions of law

3

and facts and arguments as to the law to which no response is necessary, but to the extent an answer is required, Defendant Chapman denies the allegations.

20. Paragraph 20 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

21. Paragraph 21 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

22. Paragraph 22 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

23. Paragraph 23 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

24. Paragraph 24 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

25. Paragraph 25 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

26. Paragraph 26 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

27. Defendant Chapman admits so much of Paragraph 27 as asserts that the proposed project, the Briggs-DeLaine-Pearson Connector, would be constructed between Rimini and Lone Star and would be approximately 9.8 miles in length with an approximately 2.8 mile bridge. The remaining allegations in Paragraph 27 constitute characterizations of facts and arguments to which no response is necessary or Defendant Chapman is without information and knowledge sufficient to form a belief as to the allegations. To the extent an answer is required, Defendant Chapman denies the allegations.

28.     Defendant Chapman admits so much of Paragraph 28 as asserts that the proposed project would be constructed in areas that include federally and state protected property. The remaining allegations in Paragraph 28 constitute characterizations of facts and arguments to which no response is necessary or Defendant Chapman is without information and knowledge sufficient to form a belief as to the allegations. To the extent an answer is required, Defendant Chapman denies the allegations.

29.     Defendant Chapman denies all allegations in Paragraph 29.

30.     Paragraph 30 contains characterizations of facts and arguments to which no response is necessary or Defendant Chapman is without information and knowledge sufficient to form a belief as to the allegations. To the extent an answer is required, Defendant Chapman denies the allegations.

31.     Paragraph 31 contains characterizations of facts and arguments to which no response is necessary or Defendant Chapman is without information and knowledge sufficient to form a belief as to the allegations. To the extent an answer is required, Defendant Chapman denies the allegations.

32.     Defendant Chapman admits so much of Paragraph 32 as asserts that a railroad track exists in the general vicinity of the proposed project area. The allegations in the second and third sentences of Paragraph 32 assert facts for which Defendant Chapman is without information and knowledge sufficient to form a belief as to the allegations. To the extent an answer is required, Defendant Chapman denies the allegations. Defendant Chapman denies the remaining allegations.

33.     Defendant Chapman admits so much of Paragraph 33 as asserts that the four-county area around the proposed project faces significant economic challenges and has been

historically underserved by public infrastructure. Paragraph 33 contains characterizations of facts and arguments to which no response is necessary or Defendant Chapman is without information and knowledge sufficient to form a belief as to the remaining allegations. To the extent an answer is required, Defendant Chapman denies the remaining allegations.

34. Paragraph 34 contains characterizations of facts and arguments to which no response is necessary. Defendant Chapman asserts that the government records regarding SCDOT's budget speak for themselves and are the best evidence for their content.

35. Paragraph 35 contains conclusions of law for which no response is required. Defendant Chapman asserts that the government records regarding SCDOT's transportation plans speak for themselves and are the best evidence of their content.

36. Defendant Chapman admits that the former Executive Director told the Governor of South Carolina that the proposed project was not on a priority list for funding or construction. Any remaining allegation in Paragraph 36 is denied.

37. Defendant Chapman admits the allegations of Paragraph 37.

38. Defendant Chapman admits the allegations of Paragraph 38.

39. Defendant Chapman admits that in February 2006 a public notice was issued by the U.S. Army Corps of Engineers and the S.C. Department of Health and Environmental Control for environmental permit applications filed by SCDOT. The remaining allegations in Paragraph 39 are characterizations of facts and arguments to which no response is necessary. Defendant Chapman asserts that the government records regarding SCDOT's transportation plan speak for themselves and are the best evidence for their content. To the extent an answer is required, Defendant Chapman denies the remaining allegations.

40. Defendant Chapman admits that FHWA issued a draft environmental impact statement (DEIS) in October 2001 and denies the remaining allegations of Paragraph 40. Defendant Chapman asserts that SCDOT assisted FHWA in the preparation of the DEIS but that only the FHWA has the authority, duty, or obligation to issue the DEIS.

41. Defendant Chapman admits so much of Paragraph 41 as asserts that individual citizens and conservation organizations submitted comments on the DEIS and proposed project. The remaining allegations in Paragraph 41 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submissions speak for themselves and are the best evidence of their content.

42. Defendant Chapman admits so much of Paragraph 42 as asserts that in December 2001 the Southern Environmental Law Center submitted comments on the DEIS which included a report by Dr. Asad Khattak. The remaining allegations in Paragraph 42 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

43. Defendant Chapman admits so much of Paragraph 43 as asserts that numerous state and federal agencies submitted comments on the DEIS. The remaining allegations in Paragraph 43 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submissions speak for themselves and are the best evidence of their content.

44. Defendant Chapman admits so much of Paragraph 44 as asserts that in December 2001 the U.S. Fish and Wildlife Service submitted comments on the DEIS. The remaining allegations in Paragraph 44 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

45. Defendant Chapman admits so much of Paragraph 45 as asserts that in December 2001 the U.S. Environmental Protection Agency submitted comments on the DEIS. The remaining allegations in Paragraph 45 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

46. Defendant Chapman admits so much of Paragraph 46 as asserts that in December 2001 the S.C. Department of Natural Resources submitted comments on the DEIS. The remaining allegations in Paragraph 46 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

47. Defendant Chapman admits so much of Paragraph 47 as asserts that in December 2001 the National Marine Fisheries Service submitted comments on the DEIS. The remaining allegations in Paragraph 47 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining

allegations.  Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

48. Defendant Chapman admits so much of Paragraph 48 as asserts that in November 2001 DHEC's Bureau of Land and Waste Management submitted comments on the DEIS.  The remaining allegations in Paragraph 48 are characterizations of facts and arguments to which no response is necessary.  To the extent an answer is required, Defendant Chapman denies the remaining allegations.  Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

49. Defendant Chapman admits so much of Paragraph 49 as asserts that an SCDOT memorandum of April 2002 discusses hazardous materials related to the proposed project.  The remaining allegations in Paragraph 49 are characterizations of facts and arguments to which no response is necessary.  Defendant Chapman asserts that the memorandum speaks for itself and is the best evidence of its content.

50. Defendant Chapman admits so much of Paragraph 50 as asserts that an SCDOT memorandum of April 2002 discusses Safety-Kleen related to the proposed project.  The remaining allegations in Paragraph 49 are characterizations of facts and arguments to which no response is necessary.  Defendant Chapman asserts that the memorandum speaks for itself and is the best evidence of its content.

51. Defendant Chapman admits so much of Paragraph 51 as asserts that an SCDOT memorandum discusses an environmental assessment related to the proposed project.  The remaining allegations in Paragraph 51 are characterizations of facts and arguments to which no response is necessary.  Defendant Chapman asserts that the memorandum speaks for itself and is the best evidence of its content.

52. Defendant Chapman admits that FHWA issued a final environmental impact statement (FEIS) in December 2002 and denies the remaining allegations in Paragraph 52. Defendant Chapman asserts that SCDOT assisted FHWA in the preparation of the FEIS but that only the FHWA has the authority, duty, or obligation to issue the FEIS.

53. Defendant Chapman denies the allegations of first sentence in Paragraph 53. The remaining allegations in Paragraph 53 are characterizations of facts and arguments to which no response is necessary. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content.

54. Defendant Chapman admits so much of Paragraph 54 as asserts that numerous agencies and environmental groups submitted comments on the FEIS. The remaining allegations in Paragraph 54 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submissions speak for themselves and are the best evidence of their content.

55. Defendant Chapman admits so much of Paragraph 55 as asserts that FHWA issued the record of decision approving the FEIS on or about June 12, 2003. Defendant Chapman denies the remaining allegations.

56. Defendant Chapman admits the allegations in Paragraph 56.

57. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 56.

58. Paragraph 58 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

59. Paragraph 59 purports to quote from the FEIS. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 59 are characterizations of facts and arguments to which no response is necessary.

60. Defendant Chapman denies all allegations in Paragraph 60.

61. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 60.

62. Paragraph 62 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

63. Defendant Chapman denies all allegations in Paragraph 63.

64. Defendant Chapman denies all allegations in Paragraph 64.

65. Defendant Chapman denies all allegations in Paragraph 65.

66. Defendant Chapman denies all allegations in Paragraph 66.

67. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 66.

68. Paragraph 68 purports to quote from the FEIS. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 68 are characterizations of facts and arguments to which no response is necessary.

69. Paragraph 69 purports to reference the FEIS and the administrative record. Defendant Chapman asserts that the FEIS and the administrative record speak for themselves and are the best evidence of their content. Defendant Chapman denies the remaining allegations in Paragraph 69.

70. Paragraph 70 purports to quote from the FEIS. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 70 are characterizations of facts and arguments to which no response is necessary.

71. Paragraph 71 purports to reference the FEIS and quote from a Congressional act. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content. Defendant Chapman admits so much of Paragraph 71 as asserts that the Transportation Equity Act for the 21st Century references the proposed project in section 1602. The remaining allegations in Paragraph 71 are characterizations of facts and arguments to which no response is necessary.

72. Defendant Chapman denies all allegations in Paragraph 72.

73. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 72.

74. The first sentence of Paragraph 74 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required. Defendant Chapman denies the allegations in second sentence of Paragraph 74.

75. Defendant Chapman denies all allegations in Paragraph 75.

76. Defendant Chapman denies all allegations in Paragraph 76.

77. Defendant Chapman denies all allegations in Paragraph 77.

78. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 77.

79. Paragraph 79 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

80. Paragraph 80 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

81. Defendant Chapman admits so much of Paragraph 81 as asserts that in December 2001 the Southern Environmental Law Center submitted comments on the DEIS which included a report by Dr. Asad Khattak. The remaining allegations in Paragraph 81 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

82. Defendant Chapman denies all allegations in Paragraph 82.

83. Defendant Chapman denies all allegations in Paragraph 83.

84. Defendant Chapman incorporates by reference his answers to Paragraphs 1 through 83.

85. Paragraph 85 contains characterizations and conclusions of law and not assertions of fact calling for admission or denial. Therefore, no answer is required.

86. Defendant Chapman admits so much of Paragraph 86 as asserts that the Southern Environmental Law Center submitted comments on the DEIS which included a report by Dr. Asad Khattak. The remaining allegations in Paragraph 86 are characterizations of facts and arguments to which no response is necessary. To the extent an answer is required, Defendant Chapman denies the remaining allegations. Defendant Chapman asserts that the comment submission speaks for itself and is the best evidence of its content.

87. The allegations in Paragraph 87 are characterizations of facts and arguments to which no response is necessary. Defendant Chapman asserts that the FEIS speaks for itself and is the best evidence of its content.

88.     Defendant Chapman denies all allegations in Paragraph 88.

Plaintiffs pray for relief, for which no response is required. To the extent an answer is required, Defendant Chapman denies that Plaintiffs are entitled to or should be granted any relief.

## FOR SECOND DEFENSE

Defendant Chapman asserts that the issues presented are not justiciable because the Plaintiffs lack standing and the issues are not ripe for determination.

## FOR A THIRD DEFENSE

Defendant Chapman asserts that this Court lacks jurisdiction over Defendant Chapman on the grounds of sovereign immunity and the Eleventh Amendment.

Having fully answered each allegation of the Plaintiffs' complaint, Defendant Chapman respectfully requests that the Plaintiffs' prayer for relief be denied and that the complaint be dismissed.

[SIGNATURE PAGE FOLLOWS]

        Respectfully submitted,

        /s/Randolph R. Lowell
        Mitchell Willoughby (Federal Bar No. 4702)
        Randolph R. Lowell (Federal Bar No. 9203)
        **Willoughby and Hoefer, P.A.**
        930 Richland Street
        Columbia, SC  29201
        (803) 252-3300
        mwilloughby@willoughbyhoefer.com
        rlowell@willoughbyhoefer.com

        Deborah B. Durden (Federal Bar No. 6383)
        **South Carolina Department of Transportation**
        955 Park Street, Suite 302
        Columbia, SC 29201
        (803) 737-1347
        durdendb@dot.state.sc.us

        Attorneys for Defendant Tony L. Chapman,
            Executive Director, South Carolina
            Department of Transportation

April 25, 2007
Columbia, South Carolina